UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  **1:19-cv-20437-MGC**

TROPICAL PARADISE RESORTS,
LLC d/b/a Roadway Inn & Suites,

      Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

      Defendant.

_____/

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Tropical Paradise Resorts, LLC d/b/a Roadway Inn &
Suites, and pursuant to S.D. Fla. L.R. 56.1(a), hereby provides its Statement of Undisputed
Material Facts in Support of Plaintiff's Motion for Summary Judgment and states as follows:

1.      At all material times, the Plaintiff entered into an insurance contract with the
Defendant insurer bearing policy number RCPPRU000245-00 (the "Policy"), which provided
windstorm property insurance for the Plaintiff's hotel property located at 2440 W. State Road
84, Dania Beach, FL  33312 (the "Property") for the policy period of April 30, 2017 through
April 30, 2018.  (D.E. 1-4, Ans. Aff. Def. p. 7).

2.      The Policy is an all-risk policy which is a policy for windstorm and resulting
business interruption for the Plaintiff's hotel complex (D.E. 9 p.8, ¶5)

3.      On or about September 10, 2017, Hurricane Irma made landfall and caused
widespread damage around Florida.

4.      On or about September 14, 2017, Plaintiff notified and presented a claim to the Insurer for its loss and damages to the Property.  Following Hurricane Irma's impact, the Insurer acknowledged receipt of the Plaintiff's insurance claim and assigned a pre-suit claim number (D.E. 1-5, p. 2, ¶4).

5.      The Insurer conducted an inspection of the Property through adjuster, Michael Nimon, of Engle Martin and the subsequent inspection by engineer, Mike Brown.  Based on the inspection, the Insurer concluded that the Property sustained no direct physical wind damage and any wind driven rain "entered the building through pre-existing roof, door and window openings caused by long term deterioration."  See Insurer's Denial Letter, dated May 4, 2018 annexed hereto as Exhibit "B".  (D.E. 10-2).

6.      To date, the Insurer has refused to pay any monies for Plaintiff's hurricane damages.  (D.E. 9, p. 19, ¶17).

7.      Plaintiff is the sole title holder of the insured property located at 2440 W State Road 84, Dania Beach, FL 33312.  See Affidavit of Esther Fintz attached as Exhibit "C" to Plaintiff's Motion for Partial Summary Judgment.

8.      In accordance with the Assignment of Lawsuit Proceeds duly executed on April 11, 2019, the US Small Business Administration shall have no responsibility to prosecute the instant action and it is the responsibility of Plaintiff.  See Affidavit of Esther Fintz attached as Exhibit "C" to Plaintiff's Motion for Partial Summary Judgment.

9.      Rockhill Insurance served affirmative defenses to the Plaintiff's complaint. (D.E. 9, p. 10-16.).

10.     In the first affirmative defenses, the Insurance Company pleads the following:

As its First Affirmative Defense, Defendant asserts that the Plaintiff made repairs to the subject property prior to Defendant's inspection of the subject

property thereby failing to show all of the claimed damaged property. The Policy provides as follows:

**Building and Personal Property Coverage Form CP 00 10 06 07**
**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*\*

**3. Duties In The Event Of Loss Or Damage**

You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*\*

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(D.E. 9, p. 10).

11.    In the second affirmative defense, the Insurance Company pleads as follows:

As its Second Affirmative Defense, Defendant asserts that the Plaintiff failed to show the claimed damaged property proving the loss or damage thereby failing to cooperate. The Policy specifically provides:

**Building and Personal Property Coverage Form CP 00 10 06 07**
**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*\*

**3. Duties In The Event Of Loss Or Damage**
You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*\*

**(8)** Cooperate with us in the investigation or settlement of the claim.

3

(D.E. 9, p. 10).

12.     In the fifth affirmative defenses, the Insurance Company pleads the following:

> As its Fifth Affirmative Defense, Rockhill asserts some of the claimed damages to the subject properties for which recovery is being sought were the result of wear and tear, deterioration and decay which are specifically excluded under the terms and provision of the subject Policy. The Policy provides in pertinent part as follows:
>
> ### CAUSES OF LOSS-SPECIAL FORM CP 10 30 06 07
>
> **1.** We will not pay for loss or damage caused by or resulting from any of the following:
> **c. (1)** Wear and tear;
> **(1)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself[.]

(D.E. 9, pp. 12-13).

13.     In the sixth affirmative defense, the Insurance Company pleads the following:

> As its Sixth Affirmative Defense, Rockhill asserts that the some of the claimed damages to the subject property for which recovery is being sought were the result of faulty, inadequate or defective repairs and maintenance and are therefore, not covered. The Policy provides as follows:
>
> ### CAUSES OF LOSS-SPECIAL FORM CP 10 30 06 07
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
> **c.** Faulty, inadequate or defective:
> **(1)** Planning, zoning, development, surveying, siting;
> **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> **(3)** Materials used in repair, construction, renovation or remodeling; or
> **(4)** Maintenance;
> of part or all of any property on or off the described premises.

(D.E. 9, p. 13).

14.     The Insurance Company's Tenth Affirmative Defense states:

As its Tenth Affirmative Defense, Defendant asserts that Plaintiff's lawsuit is barred because Plaintiff failed to join the remaining named insureds who would be indispensable parties: EZ Hospitality LLC, Forgot Something Gift Shop, Marina 84 Sports Bar and Grill, Kanti Group, Roadway Inn & Suites, Triangle Management LLC.

(D.E. 9, pp. 15-16).

15.     The Insurance Company's Eleventh Affirmative Defense states:

As its Eleventh Affirmative Defense, Defendant asserts that the Plaintiff's lawsuit is barred because to the extent coverage is afforded in this lawsuit, the Plaintiff lacks standing to recover for any damages resulting from the reported Hurricane Irma Loss pursuant to its Assignment of Benefits entered into with the U.S. Small Business Administration.

(D.E. 9, p. 16).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of was filed with the Clerk of this Court via the CM/ECF filing and that a copy has been sent via electronic mail this 18th day of November, 2019 to: Karl E. Sturge, Esq., Marlow, Adler, Abrams, Newman & Lewis, 4000 Ponce de Leon Boulevard, #570, Coral Gables, FL 33146, ksturge@marlowadler.com and Lauren Diane Levy, Esq., Levy Law Group, Counsel for Defendant, 3399 Ponce de Leon Boulevard, Suite 202, Coral Gables, FL 33134, lauren@levylawgroup.com.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
954-966-2112 – phone
954-981-1605 – fax

By:   /s/ Craig M. Greene, Esq.
         CRAIG M. GREENE, ESQ.
         Florida Bar No. 618421
         cgreene@kramergreen.com

And

Mark J. Mintz, Esq.
Co-Counsel for Plaintiff
Mintz Truppman, P.A.
1700 Sans Souci Boulevard
North Miami, FL  33181
mintz@mintztruppman.com