UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-20437-CIV-COOKE/GOODMAN

TROPICAL PARADISE RESORTS, LLC,
D/B/A ROADWAY INN & SUITES

    Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY

    Defendant.

_____/

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, ROCKHILL INSURANCE COMPANY ("ROCKHILL"), by and through the undersigned counsel and pursuant to F.R.C.P. 56, moves this Court for the entry of Final Judgment against Plaintiff, TROPICAL PARADISE RESORTS, LLC, d/b/a ROADWAY INN & SUITES ("TPR"), and in support states:

1. The property of TPR is located at 2440 W State Road 84, Fort Lauderdale, Florida, 33312, in Broward County. ROCKHILL issued a new Policy Number RCPPRU000245-00 to TPR for the policy period April 30, 2017 to April 30, 2018. The Declarations Page of the Rockhill Policy lists the all-risk coverage provided under the policy and the Schedule of Property Endorsements expressly lists "Causes of Loss - Special Form CP 10 30 (06/07) and Business Income (And Extra Expense) Coverage Form CP 00 30 (06/07)." DE1, #1.

The relevant provisions of the ROCKHILL Commercial Property Policy are:

1

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM…

A. **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. **Covered Property**

   Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property…

* * * *

## CAUSES OF LOSS- SPECIAL FORM CP 10 30 (06/07)

B. **Exclusions**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damages excluded regardless of any other cause or events that contributes concurrently or any sequence to the loss "…

   **g.** **Water**
   
   **(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);
   
   **(2)** Mudslide or mudflow;
   
   **(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;
   
   **(4)** Water under the ground surface pressing on, or flowing or seeping through:
   
   - **(a)** Foundations, walls, floors or paved surfaces;
   - **(b)** Basements, whether paved or not; or
   - **(c)** Doors, windows or other openings; or
   
   **(5)** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **(1), (3)** or **(4),** or material carried or otherwise moved by mudslide or mudflow.

2. We will not pay for loss or damage caused by or resulting from any of the following:

   **d.** **(1)** Wear and tear…
   
   **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; …

3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

      **a.**    Weather conditions. But this exclusion only applies of weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage.

**C.    Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

  **1.**  We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section…

      **c.**  The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

          **(1)**  The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; …

**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM CP 00 30 06 07**

**A.    Coverage**

**1.    Business Income…**

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of the site at which the described premises are located…. DE1, #1

**E.    Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

  **3.**  **Duties In the Event Of Loss Or Damage**

      **a.**  You must see that the following are done in the event of loss or damage to Covered Property:
. . .

          **(4)**  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

* * * *

**Pre-Existing Damage Endorsement**

> It is understood and agreed that this policy shall exclude any loss or damage directly or indirectly caused by, resulting from or contributed to by any pre-existing building damage at the time of the loss …

* * * *

On September 10, 2017, Hurricane Irma hit Broward County, Florida. On September 14, 2017, TPR filed a Property Loss Notice alleging that its property, the Roadway Inn, had sustained damages from Hurricane Irma. ROCKHILL immediately commenced its assessment of the reported loss, including sending an independent adjuster to inspect the property.

The initial inspection indicated no known or visible damage to the roof or siding, but substantial interior ceiling, floor, and wall damages, water which had come under exterior doors and flooded rooms, and water that had come down through the upper floor to the unit below.

As part of the carrier's continuing investigation, it hired Engle Martin & Associates on September 15, 2017. ROCKHILL acknowledged TPR's Claim of Loss on September 19, 2017. Engle completed their inspection on September 20, 2017. They in turn hired Envista Forensics engineer, Michael L. Brown, P.E., to do a detailed inspection of the five buildings involved in the claim damages.

Mr. Brown did his inspection on January 5, 2018 and arrived at the following conclusions: (1) The buildings' (Buildings 1 through 5) roof coverings were not damaged by wind or wind-borne debris during Hurricane Irma. (2) Water infiltrated the upper rooms in the buildings through pre-existing openings caused by long-term deterioration of the roof covering and through doors and windows due to deteriorated sealant and/or omitted weather stripping. (3) The water intrusion at the lower rooms resulted from openings associated with long-term deterioration of the hollow-core slabs and sealants around the perimeter of the handrails. Exhibit

4

"A". The support for the findings appeared in Pages 3 to 6 of the Report; along with photographs showing the openings and areas that allowed water intrusion due to wind-driven rain. *Id.*

After the insurance company completed its investigation, it denied the Plaintiff's claim in the Declination Letter of May 4, 2018; as there was no direct physical <u>wind damage</u> from the hurricane and all the alleged damages to the hotel complex were from pre-existing deterioration, DE1, #2.

This letter explained that it was determined that wind-driven rain entered the building through pre-existing roof, door, and window openings caused by long-term deterioration. *Id.* Surface rainwater entered the building through deteriorated doors and hand-railings. *Id.* In addition, while there was a claim for over thirty (30) air conditioning units that were allegedly damaged by a power surge, those units had been replaced prior to the carrier being able to inspect them and ROCKHILL was unable to determine the cause of loss. *Id.* The letter went on to note that the language from the policy form applied to the facts of the insured's claim and consequently the carrier could not provide coverage to TPR for the claim. *Id.*

On December 21, 2018, TPR filed a Complaint against ROCKHILL, asserting in Count I, a Petition for Declaratory Relief; Count II for Breach of Insurance Contract and Count III for Fraud in the Inducement. DE1.

On April 29, 2019, TPR filed a Civil Remedy Notice against ROCKHILL for failure to perform under the contract, by failing to properly investigate, adjust, settle, and pay the insured's claim. Exhibit "B".

        Respectfully submitted,

        By: /s/ *Karl E. Sturge*
           **Karl E. Sturge, Esq.** (FBN: 911526)
           *Email:* ksturge@marlowadler.com
           MARLOW ADLER ABRAMS
            NEWMAN & LEWIS
           4000 Ponce de Leon Boulevard
           Suite 570
           Coral Gables, FL 33146
           Telephone: (305) 446-0500
           Facsimile: (305) 446-3667
           *Attorneys for Defendant, TROPICAL PARADISE RESORTS, LLC, d/b/a ROADWAY INN & SUITES*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 22, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Respectfully submitted,

By: /s/ *Karl E. Sturge*
    **Karl E. Sturge, Esq.** (FBN:  911526)
    *Email:* ksturge@marlowadler.com
    MARLOW ADLER ABRAMS
     NEWMAN & LEWIS
    4000 Ponce de Leon Boulevard
    Suite 570
    Coral Gables, FL 33146
    Telephone:  (305) 446-0500
    Facsimile:  (305) 446-3667
    *Attorneys for Defendant, TROPICAL PARADISE RESORTS, LLC, d/b/a ROADWAY INN & SUITES*

## SERVICE LIST

**MARK J. MINTZ, ESQ.**
**MARSHAL E. MINTZ, ESQ.**
Mitz Truppman, P.A.
*Counsel for Plaintiff*
1700 Sans Souci Boulevard
North Miami, FL  33181
Telephone: (305) 893-5506
*E-Mail:*  mintz@mintztruppman.com
             marshal@mintztruppman.com


**CRAIG M. GREENE, ESQ.**
Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A.
*Co-Counsel for Plaintiff*
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL  33021
Telephone: (954) 966-2112
Facsimile:  (954) 981-1605
*E-Mail:*  cgreene@kramergreen.com