UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **1:19-cv-20437-MGC**

TROPICAL PARADISE RESORTS,
LLC d/b/a Roadway Inn & Suites,

    Plaintiff,
vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT CONTROVERTING DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff, Tropical Paradise Resorts, LLC d/b/a Roadway Inn & Suites, and pursuant to S.D. Fla. L.R. 56.1(a), hereby provides its Statement Controverting Defendant's Statement of Undisputed Material Facts (D.E. 46) ("DSMF") and states:

Initially, Defendant's Statement of Undisputed Facts violates L.R. 56.1(3). That Rule expressly requires the Statement to "[c]onsist of separately numbered paragraphs." Defendant has included only a single paragraph making it difficult for the Plaintiff to provide an easily referenceable Response. For ease of the Court's reference, Plaintiff has attached a copy of the Defendant's Statement as Exhibit "A" and hand wrote individual paragraph numbers for each of Defendant's nine unnumbered paragraphs.

1. Plaintiff does not dispute the address of the property in question or that the Policy is an all-risk policy under Florida law. The Policy itself provides the remaining information with respect to the information contained on the Declarations Page. Further, it us unknown whether Rockhill issued a "new" policy number with respect to the present policy period.

Plaintiff did not compare, word for word, Defendant's recitation of the Policy provisions with the actual policy. Assuming the provisions were copied properly, Plaintiff does not dispute the accuracy of the provisions copied. The Policy itself, however, provides the best evidence of the actual language in the Policy.

2. Plaintiff does not dispute that on September 10, 2017, Hurricane Irma hit Broward County, Florida or that on September 14th, Plaintiff filed its claim with Rockhill. Plaintiff, however, has no way of determining the accuracy of the next sentence in Defendant's assertion that Rockhill "immediately commenced its assessment of the reported loss …", as Rockhill withheld its entire claim file from discovery asserting work product privilege. The evidence of record, however, suggests Rockhill did not "immediately" commence its assessment of damage as it did not send an engineer to assess the damage sustained as a result of Hurricane Irma until January 2018, almost four months later. See Brown Report (D.E. 45-1).

3. Plaintiff disputes the Statement of Fact number 3 in its entirety. See Pistorino Report[1], p. 18 (D.E. 63-1). "The volume of rain water that entered the interior of the five buildings was the result of damage to the roofing system from Hurricane Irma."

4. It is unknown whether hiring Engle Martin was part of Rockhill's "continuing investigation" or not because Rockhill withheld its entire claim file from discovery asserting work product privilege. Rockhill or Engle Martin may have <u>hired</u> Envista and Mike Brown to do a "detailed inspection of the five buildings" damaged by Hurricane Irma, however, Plaintiff controverts that the inspection was in any way "detailed" in that the inspection took less than one hour and 30 minutes, total. See billing records contained within Defendant's expert disclosure, attached as Exhibit "B".

5. Plaintiff agrees that Mr. Brown conducted an inspection on January 5, 2018. The characterization of the conclusions reached by Mr. Brown are best reflected by the actual Report and his deposition testimony. To the extent Defendant copied the findings of Mr. Brown's Report, verbatim, Plaintiff does not dispute that MR. Brown came to those conclusions. Plaintiff, however, disputes the substance of all Mr. Brown's findings contained in paragraph 5 of the DSMF. See Pistorino Report, p. 7, "…the roofing was subject to uplift and ply separation as a result of winds from [Hurricane Irma]. . . .Rainwater was able to

---

[1] Mr. Pistorino's Report is attached to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (D.E. 63-1). Mr. Pistorino adopted the contents of his Report in total as sworn testimony at his deposition. See Dec. 5, 2019 Deposition Excerpt. (D.E. 63-3).

penetrate the roofing system through the damage caused by the storm via cracked and opened seams due to uplift, perimeter uplift at the edges, punctures and penetrations from debris, detached roofing at the perimeters, and torn cap sheet." Plaintiff further disputes that there is any "support for the findings" as reflected in Defendant's Statement of Undisputed Fact, paragraph 5.

6. Plaintiff agrees the insurance company denied Plaintiff's claim in a denial letter dated May 4, 2018. The reason for that denial is best reflected by the letter itself. (D.E. 1-2). Plaintiff further denies the substance of Defendant's declination letter. See Pistorino Report, as well as whether Rockhill had decided to deny, or otherwise not pay Tropical's claim at the time the Policy was issued as more fully reflected in Plaintiff's fraud in the inducement count. Plaintiff cannot controvert any of Defendant's statements regarding the fraud in the inducement count contained within its Motion as there are no statements of undisputed fact supporting that Motion listed in the DSMF.

7. The denial letter itself is the best reflection of the content of that letter. To the extent paragraph 7 of Defendant's Statement of Undisputed Fact accurately reflects the content of the letter, Plaintiff acknowledges that Defendant copied the letter accurately. Plaintiff, however, disputes the substance of the reason for the insurance company's denial. See Pistorino Report. (D.E. 63-1). In addition, Plaintiff controverts Defendant's claim that Rockhill was "unable to inspect the air conditioning units" that had been damaged by the storm. In fact, those air conditioning units had been preserved and stored for Defendant's inspection. Incredibly, Rockhill's own investigator <u>took a picture of the air conditioning units stored and available for inspection during its visit to the premises on September 20, 2017</u>. That photograph fairly and accurately represents and identifies the damaged air conditioning units which were made available for Rockhill's inspection. See Affidavit of Esther Fintz identifying photographs of the damaged air conditioning units which were made available for inspection by Engle Martin attached hereto as Exhibit "C".

8. Plaintiff does not dispute that on December 21, 2018 it filed a Complaint against Rockhill. The contents of that Complaint are the best reflection of the various counts asserted.

9. Plaintiff does not dispute that on April 29, 2018, it filed a CRN against Rockhill. The basis for that CRN is best reflected by the contents of the actual document. To

the extent Defendant accurately copied the language of the CRN verbatim, Plaintiff admits that portion of paragraph 9.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of was filed with the Clerk of this Court via the CM/ECF filing and that a copy has been sent via electronic mail this 13th day of December, 2019 to: Karl E. Sturge, Esq., Marlow, Adler, Abrams, Newman & Lewis, 4000 Ponce de Leon Boulevard, #570, Coral Gables, FL 33146, ksturge@marlowadler.com and Lauren Diane Levy, Esq., Levy Law Group, Counsel for Defendant, 3399 Ponce de Leon Boulevard, Suite 202, Coral Gables, FL 33134, lauren@levylawgroup.com.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
954-966-2112 – phone
954-981-1605 – fax

By: /s/ Craig M. Greene, Esq.
CRAIG M. GREENE, ESQ.
Florida Bar No. 618421
cgreene@kramergreen.com

And

Mark J. Mintz, Esq.
Co-Counsel for Plaintiff
Mintz Truppman, P.A.
1700 Sans Souci Boulevard
North Miami, FL 33181
mintz@mintztruppman.com